**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH MOTHERLESS.COM ACCOUNT "SEXYWIFETOSHARE" | No. 2:26-mc-00037-KFW<br><br>**FILED UNDER SEAL** |

## APPLICATION FOR ORDER COMMANDING MOTHERLESS, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT

The United States requests that the Court order Motherless, Inc. ("Motherless"), the parent company of Motherless.com accounts, not to notify any person, including the subscriber(s) and customer(s) of the Motherless.com account listed in search warrant, docket no. 2:26-mj-00029-KFW, of the existence of the search warrant, until October 23, 2026.

Motherless is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Under 18 U.S.C. § 2703, the United States obtained a search warrant which requires Motherless to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the search warrant relates to an ongoing criminal investigation that is not public and aspects of this investigation are not known to the target of the investigation, so that this search warrant's disclosure may alert the target to the ongoing investigation. Accordingly, there

is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target an opportunity to destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or flee from prosecution. *See* 18 U.S.C. § 2705(b). Factors described in further detail in the search warrant affidavit demonstrate there is a serious risk of flight on the part of the target. Also, some of the evidence in this investigation is likely stored electronically.

If alerted to the existence of the warrant, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage, as well as notify other offenders who distributed, received, and/or manufactured child sexual abuse material. Those actions could hinder law enforcement's ability to identify child victims that this target and/or his associates are exploiting, including by potentially producing sexually explicit media content as well as hands on offenses.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing Motherless not to disclose the existence or content of the attached warrant until October 23, 2026, except that Motherless may disclose the warrant to an attorney for Motherless for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until October 23, 2026. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

Date: July 16, 2026

Respectfully submitted,

ANDREW B. BENSON
UNITED STATES ATTORNEY

BY: *<u>/s/ Anne K. Yereniuk</u>*

Anne K. Yereniuk
Assistant United States Attorney
United States Attorney's Office
100 Middle Street, 6th Floor East
Portland, ME 04101
(207) 780-3257
Anne.Yereniuk@usdoj.gov